IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APOTEX, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-CV-03695 |
| ) | Hon. Sharon Johnson Coleman |
| DAIICHI SANKYO, INC., ) | |
| ) | |
| and ) | |
| ) | |
| DAIICHI SANKYO CO., LTD. ) | |
| ) | |
| Defendants. ) | |

**APOTEX MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR SUMMARY JUDGMENT**

Declaratory Judgment Plaintiff Apotex, Inc. respectfully moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**A.     Facts as to Which There is No Genuine Dispute.**

U.S. Patent No. 6,878,703 issued on 12 April 2005, and it was assigned to Sankyo Company, Limited at that time.  **Ex. A** (front page).  Sankyo Company, Limited disclaimed every claim of US 6,878,703 on 11 July 2006.  **Ex. B**.

Apotex has submitted an Abbreviated New Drug Application ("ANDA") 204261 seeking FDA approval for the commercial manufacture, use, importation, offer for sale and sale of a proposed generic drug product containing 20/12.5 mg, 40/12.5 mg, or 40/25 mg olmesartan medoxomil/hydrochlorothiazide ("Apotex Olmesartan HCT Product").

**B.     No Infringement of US 6,878,703.**

US 6,878,703 will not be infringed by the Apotex Olmesartan HCT Product because every claim of the patent was disclaimed under 35 U.S.C. §253, by submitting the disclaimer to

the patent office in writing with the required fee. **Ex. B**. In a parallel action, the Federal Circuit stated, "[a]s is undisputed here, non-infringement of the '703 patent follows as a matter of law from the fact that Daiichi has formally disclaimed it." *Apotex Inc. v. Daiichi Sankyo, Inc. et al.* 781 F.3d 1356, 1359 (Fed. Cir. 2015).

Therefore, Apotex's Abbreviated New Drug Application ("ANDA") No. 204261 does not, and the manufacture, marketing, use, offer for sale, sale or importation of products that are the subject of Apotex's ANDA No. 204261 will not, directly infringe or induce or contribute to the infringement by others of any claim of US 6,878,703.

### C. The Federal Circuit Decided There is Jurisdiction.

Defendants previously challenged subject matter jurisdiction in a parallel action in which all of the relevant facts are identical. *See Apotex Inc. v. Daiichi Sankyo, Inc.*, et al., Case No. 12-CV-09295. Defendants also have filed a motion to dismiss for lack of subject matter jurisdiction in this case. (Dkt. 25). In its current motion, Daiichi asserts that the "grounds for this motion have been previously briefed in a related case between the same parties with the same operative facts." (Dkt. 25, p. 1).[1] On appeal, subject matter jurisdiction was confirmed in the parallel action. *Apotex Inc. v. Daiichi Sankyo, Inc.*, 781 F.3d 1356 (Fed. Cir. 2015).[2] The Federal Circuit stated, "we hold that Apotex has alleged facts supporting the conclusion 'that there is a

---

[1] Daiichi similarly represented that this case and the parallel *Apotex Inc. v. Daiichi Sankyo, Inc.*, et al., Case No. 12-CV-09295 involve many of the same issues of fact or law in its Motion For Reassignment of Related Case No. 15-CV-03695 (Dkt. 80 (at ¶¶2, 4)), which motion was granted (Dkt. 83).

[2] On September 4, 2015, Daiichi filed its Petition for a Writ of Certiorari to the U.S. Supreme Court. *Daiichi Sankyo, Inc., et al. v. Apotex, Inc.*, Case No. 15-281. For the reasons previously stated in open court in support of Apotex's Motion to Lift Stay in the parallel *Apotex v. Daiichi* case (Case No. 12-CV-09295) and as stated in *Apotex's Response To Daiichi's Supplemental Statement Regarding Apotex's Motion to Lift Stay* (Dkt. 87), which stay the Court lifted pursuant to its Order dated August 4, 2015 (Case No .12-CV-09295, Dkt. 94), this petition should in no way delay these proceedings and the issuance of the requested judgment.

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' *MedImmune*, 549 U.S. at 127, 127 S.Ct. 764 (internal quotation marks and citation omitted)." *Apotex*, 781 F.3d at 1371. The Federal Circuit's jurisdictional ruling fully disposes of Daiichi's current motion to dismiss for lack of subject matter jurisdiction (Dkt. 25),which is properly denied for the same reasons articulated in that decision. In any event, Daiichi's motion should not delay entry of summary judgment here.

There is Personal jurisdiction over the defendants and proper venue in this District. The defendants waived any possible lack of personal jurisdiction or improper venue defense by omitting it from their previous Rule 12 motion, Fed.R.Civ.P. 12(h)(1), and expressly stated in their Limited Answer to the Personal Jurisdiction and Venue Allegations of the Complaint that they do not contest personal jurisdiction and that venue is proper, Dkt. 26 ¶¶9-14.

**D.     Conclusion.**

For at least the foregoing reasons, Apotex respectfully requests that summary judgment be granted for Apotex, declaring that U.S. Patent No. 6,878,703 is not, will not, and cannot be infringed by the filing of Apotex's ANDA No. 204089, or by the manufacture, marketing, use, offer for sale, sale or importation of products that are the subject of Apotex's ANDA No. 204089.

                                            Respectfully submitted,

                                            HAHN LOESER & PARKS LLP

Date: 15 September 2015           By:    /s/ Sherry L. Rollo_____
                                                         Steven E. Feldman
                                                         Sherry L. Rollo
                                                         HAHN LOESER & PARKS LLP
                                                         125 S. Wacker Drive, Suite 2900
                                                         Chicago, Illinois 60606
                                                         Telephone: (312) 637-3000
                                                         Facsimile: (312) 637-3001

                                                         Attorneys for Plaintiff
                                                         APOTEX INC.